FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 JUN 20 PM 3: 53

CLERK US DISTRICT COURT
MIDDLE DIST FL
CASE NO. ORLANDO, FL

------------------------------------------------------------------X

JANE DOE, a Florida resident,

         Plaintiffs,

-against-

RADIANCY, INC., a foreign corporation; PHOTOMEDEX, INC., a foreign corporation; and DOLEV RAFAELI, *incorrectly identified as a Florida resident*,

         Defendants.

------------------------------------------------------------------X

## NOTICE OF REMOVAL

Defendants, Radiancy, Inc., ("Radiancy") PhotoMedex, Inc. (PhotoMedex"), and Dolev Rafaeli ("Rafaeli"), hereby removes this action from the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. Removal is made pursuant to 28 U.S.C. §§1332(a)(1), 1441(b), 1446, and Local Rule 4.02. As grounds for removal the Defendant states:

### Procedural Background

1. Plaintiff, Jane Doe, allegedly a Florida Resident, filed her initial Complaint on April 29, 2016 in the Ninth Judicial Circuit in and for Orange County, Florida. (See Complaint attached as **Exhibit A**).

2. Defendant, Rafaeli was served at his primary residence located at 5 Lambs Lane, Cresskill, New Jersey on May 20, 2016.

3. Defendant, Radiancy was served through its registered agent, Corporation Service Company, on May 31, 2016 at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4.      Defendant, PhotoMedex was served via United States Postal Service Certified Mail to an unaffiliated-corporation occupying PhotoMedex's former corporate office located at 100 Lakeside Drive, Suite 100, Horsham, Pennsylvania 19044 on or about May 27, 2016. A representative of PhotoMedex subsequently picked up the Complaint and attending documents the following week. PhotoMedex's new corporate office and principal place of business is located at 2300 Computer Avenue, Building G, Willow Grove, Pennsylvania 19090.

5.      By agreement of counsel, all Defendants were given an extension of time to respond to the Complaint until June 20, 2016.

## Grounds for Removal

6.      In this action, there is complete diversity among the parties and the amount in controversy exceeds $75,000. Therefore, removal to this Court on the ground of diversity jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). The Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(1).

## Diversity

7.      Plaintiff alleges that she is a resident of Orange County, Florida. (Complaint, ¶ 1).[1]

8.      Plaintiff identifies Radiancy as a corporation organized under the laws of the State of Delaware with its principal place of business and corporate headquarters in Orangeburg, New York. (Complaint, ¶ 2). Radiancy admits this to be true. *See* Radiancy's Articles of Incorporation attached as **"Exhibit B."**

---

[1] Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), a true and correct copy of the Complaint, along with all other pleadings, orders and other papers on file in the state court action are attached hereto collectively as **Exhibit "A."**

9. Plaintiff alleges that PhotoMedex was organized under the law of the state of Delaware with its principal place of business and corporate headquarters in Montgomeryville, Pennsylvania. (Complaint ¶ 3). PhotoMedex admits that it is a foreign corporation with its principal place of business in Pennsylvania. PhotoMedex was previously incorporated in Delaware, but was re-incorporated in Nevada in 2010. Since incorporation, it has always maintained its principal place of business in Pennsylvania. Although previously located in Montgomeryville, Pennsylvania, its current principal place of business and corporate headquarters is located at 2300 Computer Avenue, Building G, Willow Grove, Pennsylvania 19090. *See* Photomedex's Articles of Incorporation attached as **"Exhibit C."**

10. Plaintiff alleges that Rafaeli is an individual "currently domiciled in homestead exempt property in Dade County, Florida, and is thus a citizen as well as a resident of Florida." (Complaint ¶4). However, Rafaeli denies this allegation as he is not now, nor has he ever been, a resident of the State of Florida.

11. Based upon the evidence set forth in Rafaeli's Affidavit filed herewith in support of removal,[2] Rafaeli is a citizen of the State of New Jersey and has been since he moved to the United States from Israel in 2009. Rafaeli testifies to the following in support:

a. Rafaeli has never lived in Florida.

b. Rafaeli owns a condominium in Miami Beach, Dade County, Florida, which he purchased as a vacation home in June 2015.

c. Since June 2015, Rafaeli has only spent 10 days vacationing at his condominium in Miami Beach, Florida.

---

[2] *See Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.")

01488453.v2

d.  Rafaeli has never filed for a homestead exemption for the condominium in Miami Beach, nor asserted that he is a permanent resident of the State of Florida for homestead or other tax purposes.

e.  Rafaeli has never registered any vehicles in the State of Florida. His vehicles are all registered in the State of New Jersey.

f.  Rafaeli has never maintained any type of license or permit in the State of Florida.

g.  Other than payment of property taxes on the condominium, Rafaeli has not paid any other property taxes in the State of Florida, and at all relevant times has paid income tax in the State of New Jersey, where he is a permanent resident and in New York State, where he is employed.

h.  Rafaeli's principal residence is 5 Lambs Lane, Cresskill, New Jersey. He has lived there for 4 years. His two children attend high school in Cresskill, New Jersey.

i.  Rafaeli's citizenship records identify him as a resident of New Jersey.

j.  Rafaeli is employed by Radiancy as President and Chief Executive Officer in its offices in New York.

k.  Rafaeli serves as Chief Executive Officer for PhotoMedex, which has its principal place of business and its corporate office in Pennsylvania.

l.  Neither Radiancy nor PhotoMedex have any offices in the State of Florida.

m.  Rafaeli was served by plaintiff at his residence in New Jersey.

12.  Plaintiff has asserted that Dr. Rafaeli has homestead property in Dade County, Miami Beach, Florida. However, the records from the Dade County Property Appraiser's website establish that the condominium owned by Rafaeli was a homestead exempt property under the previous/original owner in 2014-2015. *See* **Exhibit "5"** attached to Rafaeli's Affidavit

filed herewith. Rafaeli did not renew that exemption after purchase, and no homestead exemption appears on the property appraiser's website for the year of 2016. *See Id.*

13. Citizenship is reviewed as of the date the Complaint was filed. *See, e.g., Las Vistas Villas, S.A. v. Petersen,* 778 F.Supp. 1202, 1203 (M.D. Fla. 1991) *aff'd* 13 F.3d 409. The Complaint was filed April 29, 2016, and no exemption existed in 2016.

14. The prior existence of the homestead exemption on the Dade County property is not relevant to the question of Rafaeli's citizenship, and the exemption does not continue unless the new property owner files an application for homestead exemption. Pursuant to Florida Statutes § 196.011, even if the County has waived the requirement that the homestead exemption be applied for annually,

> Notwithstanding such waiver, *refiling of an application or statement shall be required when any property granted an exemption is sold or otherwise disposed of, when the ownership changes in any manner*, when the applicant for homestead exemption ceases to use the property as his or her homestead, or when the status of the owner changes so as to change the exempt status of the property. Fla. Stat. § 196.011(9)(a) (emphasis added).

15. Thus, upon sale, to benefit from a homestead exemption on the property, Rafaeli was required to file an application for homestead exemption for 2016. Rafaeli has testified that he has not done so. *See* Rafaeli Affidavit ¶ 16 filed herewith. This is confirmed by the property appraiser's website. *See* Exhibit 5 to Rafaeli's Affidavit filed herewith.

16. Moreover, even if a homestead exemption existed on Rafaeli's property, which it does not, that fact is not dispositive of the question of citizenship. It is only one factor this Court may consider when determining citizenship for purposes of removal. This Court may look to the

"totality of the evidence" presented in order to ascertain a party's domicile. Evidence that may be factored into a Court's consideration includes that party's affidavit, deposition testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property and place of employment. *See Smyth v. Hillstone Restaurant Group, Inc.*, No. 13-80217-CIV, 2013 WL 2048188 *2 (S.D. Fla. 2013) quoting *Jakobot v. Am. Airlines, Inc.*, No. 10–61576–CIV, 2011 WL 2457915 (S.D.Fla. June 20, 2011) (citations and quotations omitted); *see also Cox v. Triad Isotopes, Inc.*, No. CA 08–0315–KD–C, 2008 WL 2959845, (S.D.Ala. July 29, 2008) (reviewing multiple indicia of domicile to determine citizenship in the state of Florida).

17. Citizenship or domicile is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

18. Further, federal courts consider citizenship to be the equivalent of 'domicile' for the purposes of diversity jurisdiction. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom...." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-1258 (11th Cir. 2002). An individual cannot have 2 states of domicile. A change of domicile requires (1) a physical presence at the new location with (2) an intention to remain there indefinitely. *Id.* at 1258.

19. When Rafaeli purchased a condominium in Miami Beach, Florida for the sole purpose of utilizing that condominium for less than 2 weeks a year for vacation, his domicile did not change from New Jersey to Florida. He still maintained and continues to maintain a house in

O1488453.v2

New Jersey in which he lives in with his family year-round. His two children attend high school in Cresskill, New Jersey full time and he intends to permanently reside in New Jersey. *See* Rafaeli Affidavit filed herewith.

20. A similar case was filed against Rafaeli and Radiancy in the United States District Court for the District of Columbia as a result of personal injuries sustained from the no!no! hair removal product (same product at issue in this litigation). *Mouzon v. Radiancy, Inc.*, 85 F.Supp.3d 361 (2015). *See* **"Exhibit 6"** to Rafaeli's Affidavit filed herewith. In the action, the Court recognized Rafaeli as a New Jersey citizen and further held that the court did not have personal jurisdiction over him as an individual. *Id.* at fn 4. As a result, the case was dismissed against Rafaeli as he was not subject to personal jurisdiction in the District of Columbia.

21. Based on the foregoing, the evidence is undisputed that Rafaeli is a citizen of New Jersey and is not a citizen of the State of Florida. PhotoMedex and Radiancy are also not citizens of Florida, which is admitted in plaintiff's complaint (see ¶¶ 2 and 3). *See e.g.*, *Vareka Invs. v. American Inv. Props., Inc.*, 724 F. 2d 907, 909 (11th Cir. 1984) ("[a] foreign corporation is deemed to be a citizen of the State in which it has its principal place of business.")

22. Accordingly, given that plaintiff resides in Florida, Radiancy's principal place of business is in New York, PhotoMedex has its principal place of business in Pennsylvania, and Rafaeli is domiciled in New Jersey, complete diversity between the parties exists.

### *The Amount in Controversy Exceeds $75,000*

23. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

24. Although Plaintiff does not allege damages for jurisdictional purposes in the Complaint, the court adjudicating removal may determine the amount in controversy either from

01488453.v2

the face of the Complaint or considering other evidence submitted by the parties. *See Pretka v. Kolter City Plaza, II, Inc.*, 608 F. 3d 744, 751 (11th Cir. 2010).

25. Further, "[a] careful attempt by a Plaintiff [ ] to avoid jurisdiction in Federal Court by failing to specify in the Complaint a specific amount of damages requested will not keep such an action out of Federal Court." *Lee-Bolton v. Koppers, Inc.*, 848 F. Supp. 2d 1342, 1354 (N.D. Fla. 2011) (citing *Rowe v. Michelin In. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010)).

26. According to plaintiff's own pleadings, it is alleged that she had to undergo extensive medical intervention, is unable to work outside the home or perform many ordinary household services and has incurred approximately $500,000.00 in past medical and hospital bills. Plaintiff further alleged that her quality of life has suffered enormously and she has experienced great physical pain, mental anguish and loss of self-esteem. (Complaint, ¶¶ 10-18; 40).

27. Given the allegations in plaintiff's Complaint and the allegations of her costs incurred to date, the amount in controversy well exceeds $75,000.00.

28. Therefore, this Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) and removal pursuant to 28 U.S.C. § 1441(b) is appropriate.

29. Attached hereto as **Exhibit "A"** is a copy of all process, pleadings and orders that have been filed in the state court action as required by 28 U.S.C. § 1446(a) and Middle District Local Rule 4.02(b).

30. Defendants have paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

31.     Defendants will promptly serve upon Plaintiff and will also file with the Clerk of the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida the Notice of Filing of Notice of Removal together with a copy of this Notice of Removal as required 28 U.S.C. § 1446(d).

32.     Defendants reserve the right to and specifically assert all applicable defenses to which they may be entitled to under Federal or Florida law.

WHEREFORE, this action should proceed in the United State District Court, Middle District of Florida, Orlando Division, as an action properly removed thereto.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2016, I served true and correct copies of the foregoing upon Stephen J. Calvacca, Esq., *attorney for Plaintiff*, by U.S. Mail at 189 S. Orange Avenue, Suite 1800, Orlando, FL 32801, and electronic mail at *Stephen@nejamelaw.com; civilseervice@nejamelaw.com; and Darlene@nejamelaw.com.*

/s/ Nichole Mooney

Nichole M. Mooney, Esq.
Florida Bar No. 057908
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone:   (407) 841-1200
Facsimile:   (407) 423-1831
Primary E-mail Addresses:   nmooney@deanmead.com
Secondary E-mail Address:   kgovin@deanmead.com

And

Arthur J. Liederman, Esq. (NY Bar No.: AL0227)
Nicole M. Battisti, Esq. (NY Bar No.: NB7583)
Morrison Mahoney, LLP
120 Broadway
New York, NY 10271
Telephone:   (212) 428-2480
Facsimile:   (646) 576-8910
Email Address: aliederman@morrisonmahoney.com
Email Address: nbattisti@morrisonmahoney.com

01488453.v2