**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LINDA ANDREWS,

        Plaintiff,

v.                                    Case No. 6:16-cv-1061-Orl-37GJK

RADIANCY, INC.; PHOTOMEDEX,
INC.; and DOLEV RAFAELI,

        Defendants.

## ORDER

This matter is before the Court on the following:

1. Plaintiff's Partially Agreed Upon Motion for Leave to File Amended Complaint with Supporting Memorandum of Law (Doc. 37), filed November 23, 2016;

2. Defendants['] Opposition to Plaintiff's Motion for Leave to File an Amended Complaint and Cross Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 39), filed December 7, 2016;

3. Plaintiff's Opposition to Defendant's Successive Motion to Dismiss the Original Complaint with Supporting Memorandum of Law (Doc. 41), filed December 15, 2016;

4. Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to Amend with Supporting Memorandum of Law (Doc. 43), filed December 19, 2016; and

5. Defendants' Sur-Reply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Amend Complaint (Doc. 48), filed January 27, 2017.

**BACKGROUND**

Proceeding anonymously, Plaintiff initiated this product liability action against Defendants Radiancy, Inc. ("**Radiancy**"), Photomedex, Inc. ("**PhotoM**"), and Dolev Rafaeli ("**Rafaeli**") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida on **April 29, 2016**. (*See* Doc. 5 ("**Initial Complaint**").) The product identified in the Initial Complaint was no! no! hair removal device, Model Pro 5 ("**Pro Device**"), which Plaintiff alleged was defective due to inadequate warnings to consumers like her who suffer from lymphedema. (*Id.*)

On **June 20, 2016**, Defendants removed this action based on diversity jurisdiction (Doc. 1), and Radiancy filed its Answer (Doc. 6). The following day, PhotoM and Rafaeli ("**Moving Defendants**") filed a joint amended motion to dismiss the Initial Complaint ("**First MTD**"). (Doc. 11; *see* Doc. 8.) Plaintiff responded (Docs. 13, 14, 16), the Moving Defendants replied (Doc. 21), and the Court conducted a motion hearing on **September 12, 2016** (Doc. 24). Thereafter, the Moving Defendants filed a notice of supplemental authority (Doc. 25), and Plaintiff responded (Doc. 26).

On **September 20, 2016**, the Court entered a Case Management and Scheduling Order ("**CMSO**"), which set various deadlines and rules for the prosecution of this action—including a discovery deadline of **September 1, 2017**, and a trial deadline in the **April 2, 2018** trial term. (Doc. 29, p. 3.) The deadline to add parties or amend the pleadings was initially set for **October 31, 2016** (*id.*), but was later extended to **November 28, 2016** (Doc. 34).

On **November 23, 2016**, Plaintiff timely moved for leave to file an Amended Complaint to: (1) properly identify herself as Plaintiff; (2) add a demand for punitive damages ("**Punitive Damages Amendments**"); and (3) include allegations concerning

2

the product that Plaintiff actually used—the no! no! hair removal device, Model 8800 ("**8800 Device**")—and to delete her allegations concerning the Pro Device ("**Correct Model Amendments**"). (*See* Doc. 37 ("**Motion to Amend**").) Defendants agreed to Plaintiff filing an Amended Complaint to properly identify herself,[1] but the Moving Defendants objected to the proposed Punitive Damages and Correct Model Amendments.[2] (Doc. 39.) Plaintiff filed a reply in support of the Motion to Amend (Doc. 43) and the Moving Defendants filed a sur-reply. (Doc. 48). These matters are now ripe for adjudication.[3]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that leave to amend after a responsive pleading has been served "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This standard reflects the "policy of the federal rules . . . to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981). In light of this liberal standard and policy, district courts in the U.S. Court of Appeals for the Eleventh Circuit

---

[1] Given the Motion to Amend, which Defendants agreed to in part, the Court denied the First MTD as moot. (Doc. 38.)

[2] Specifically, the Moving Defendants argued that the proposed amendments should be disallowed because: (1) "Plaintiff has provided no credible evidence that warrants a claim for punitive damages against Defendants"; and (2) the Correct Model Amendments are "superficial and not credible" given Plaintiff's purported "misrepresentations" to the Court and Defendants concerning the Pro Model. (*See id.*)

[3] The Moving Defendants also: (1) moved (again) to dismiss the Initial Complaint because "[P]laintiff has failed to state a claim upon which relief can be granted, since the device [P]laintiff now identifies as using is not the same device alleged in her [Initial Complaint]" (Doc. 39, p. 6); and (2) preemptively requested dismissal of the proposed Amended Complaint. (*See* Doc. 39, p. 6 ("**Second MTD**").) Plaintiff filed responses in opposition to the Second MTD (Docs. 41, 44). The Second MTD is due to be denied because: (1) as to the Initial Complaint, it is moot; and (2) as to the proposed Amended Complaint, it is premature.

are found to abuse their limited discretion by denying leave to amend absent a "substantial reason" warranting such denial. *See id.* at 598; *see also Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336–37 (11th Cir. 2006) (stating that the reason justifying denial of leave "must be either explicitly declared or apparent"); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir.1989). The "substantial reasons" warranting denial of leave to amend include undue delay,[4] undue prejudice, bad faith, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

## DISCUSSION

**I.   Bad Faith**

An inference of bad faith sufficient to deny leave to amend may arise when a movant fails to include known facts in an initial complaint as a "tactical maneuver[] to force the court to consider various theories seriatim." *See Dussouy*, 660 F.2d at 599 (explaining that "denial of leave to amend on the grounds of bad faith" may be warranted "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory"); *see also Rogers v. Nacchio*, 241 F. App'x 602, 610 (11th Cir. 2007) (affirming denial of leave to amend where plaintiff had "displayed bad faith" by alleging "meritless" claims with "no support").

Here, the Moving Defendants argue that, based on Plaintiff's "fabrication of the facts and contradictions, the Court should deny [P]laintiff's request for leave to file an

---

[4]The Moving Defendants do not argue that the Motion to Amend should be denied based on "undue delay." (*See* Docs. 39, 48.) Nor could they. Undue delay is not present where, as here, a plaintiff moves to amend "within the time period prescribed" in a court's scheduling order. *See Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1256–57 (11th Cir. 1998); *see also In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) ("[T]he mere passage of time, without more, is an insufficient reason to deny leave to amend."); *Domke v. McNeil—P.P.C., Inc.*, 939 F. Supp. 849, 851 (M.D. Fla. 1996) (noting that courts "may refuse to permit amendment only if the delay is characterized as 'undue'").

amended complaint based on bad faith." (Doc. 39, pp. 13–15.) In support, the Moving Defendants contend that the Pro Model and 8800 Model are different with respect to appearance, technology, and accompanying documentation, and Plaintiff purportedly based her Initial Complaint on the Pro Model rather than the 8800 Model "in an effort to better substantiate her case and/or strengthen her arguments." (*See* Doc. 39, pp. 2, 7; *see also id.* at 10 (asserting that Plaintiff "misled her counsel and the expert about the device she used to create a more substantiated claim, then subsequently lied to the [D]efendants and this [C]ourt"); Doc. 39-7.)

Contrary to the Moving Defendants' assertions, the Court finds no material difference between the Pro Model and the 8800 Model, indeed: (1) the appearance of the two products is very similar; (2) other than a tiny difference in dimension, the respective specifications for the two products are identical; and (3) the documentation accompanying the two products is nearly identical as well. While the Pro Model uses "pulsed" Thermicon technology as opposed to Thermicon technology, the Moving Defendants fail to explain how this difference might have made Plaintiff's initially-pled claims easier to establish. Further, with the exception of a few additional warnings in the Pro Model User Manual, the products' respective manuals are essentially identical, and the Moving Defendants fail to explain how the Pro Model User Manual would allow Plaintiff to assert a "more substantiated" claim. In short, even though Plaintiff's identification of the Pro Device in the Initial Complaint and pre-suit correspondence was an almost inexplicable error,[5] the Court cannot find that it was done to obtain any

---

[5] The Court cannot reject Plaintiff's contentions that the error could be attributable to: (1) the similar appearance between the Pro Device and the 8800 Device; (2) the absence of model designation 8800 Device itself; and (3) a pre-suit investigation that resulted in Pro Device documentation being included in Plaintiff's litigation file. Further,

"tactical" advantage. Thus, the Court cannot find that Plaintiff is guilty of "bad faith" that would warrant denial of her Motion to Amend.

## II.     Undue Prejudice

Undue prejudice is a "substantial" reason warranting denial of leave to amend. *See Foman*, 371 U.S. at 181–82. But prejudice is not "undue" unless it is "real"—that is something more than the "additional expense" that "necessarily" results from any "amendment to an original pleading." *See Loggerhead Turtle*, 148 F.3d at 1256–57 (reversing denial of motion for leave to amend complaint). Here, the Moving Defendants argue that Plaintiff's prior incorrect references to the Pro Model have been "highly detrimental" to Defendants' case "as well as the reputation of [D]efendants' business and products." (*See* Doc. 39, pp. 11, 15.)

Upon review, the Court finds that the Moving Defendants' conclusory assertions are insufficient to establish the "real" prejudice necessary to deny leave to amend. First, the Court fails to discern how product liability claims concerning the Pro Model would impact the "reputation" of Defendants' business and products in any greater degree than claims concerning the 8800 Model would. Further, almost no discovery has occurred to date, the parties have approximately seven months left to complete discovery, and the trial date is more than a year away. Under these circumstances, the Court cannot find that "undue prejudice" warrants denial of leave to amend. *See Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (noting that no "real prejudice" to the opposing party occurs where leave to amend is sought before

---

the Court finds that, at a minimum, Plaintiff's repeated references to shipping documentation that reflected purchase of an 8800 Device rather than a Pro Device is inconsistent with bad faith. Such shipping documentation—when considered with Plaintiff's allegations concerning her acquisition of the device at issue—also provided notice to Defendants of Plaintiff's error.

6

commencement of discovery).

## III. Futility

"Futility of amendment" warranting denial of leave to amend may be found only "when the proposed amendment is clearly insufficient or frivolous on its face." *See Taylor*, 875 F. Supp. at 815. Thus, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint.'" *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see Nacchio*, 241 F. App'x at 610 (noting that parties "should be given at least one opportunity to amend before the district court dismisses a complaint with prejudice").

Here, the Court rejects the Moving Defendants' argument that the proposed Amended Complaint "lacks all credibility" due to Plaintiff's mistakes concerning the Pro Model. To the contrary, Plaintiff's proposed Amended Complaint is neither insufficient nor frivolous; thus, the Court finds that Plaintiff must be given at least once chance to amend. *See Bryant*, 252 F.3d at 1163 (reversing denial of leave to amend where there was "no evidence" that the amendment "would prejudice the defendants"); *see also Vacation Break U.S.A., Inc. v. Mktg. Response Group & Laser Co.*, 189 F.R.D. 474, 479 (M.D. Fla. 1999) (granting leave to amend to assert punitive damages claim after removal of action from state court); *Domke*, 939 F. Supp. at 849 (same).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDED** that:

(1) Plaintiff's Partially Agreed Upon Motion for Leave to File Amended Complaint with Supporting Memorandum of Law (Doc. 37) is **GRANTED**.

(2) Defendants' Cross Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 39) is **DENIED**.

(3) On or before **February 17, 2017**, Plaintiff shall file her First Amended Complaint.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 9, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record